IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20520
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE NELSON MARQUEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-58-8
- - - - - - - - - -
October 1, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Nelson Marquez appeals his guilty plea convictions for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Marquez argues that the district court abused its discretion in denying the motion to withdraw his guilty plea, clearly erred in finding that Marquez was a manager or supervisor, clearly erred in determining the amount of drugs attributable to Marquez, and erred in refusing to depart downward on the ground that the criminal history computation overstated his criminal history.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record and arguments and authorities convinces us that no reversible error was committed. Even if Marquez did not abandon his motion to withdraw his guilty plea, his subsequent statements affirming his guilt and his understanding of the seriousness of his offenses demonstrate that the district court's denial of the motion was not an abuse of discretion. United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997). The district court's determination that Marquez was a manager or supervisor over five or more participants is not clearly erroneous in light of the information contained in the presentence report (PSR), which was supported by sufficient indicia of reliability. United States v. Parker, 133 F.3d 322, 329 (5th Cir.), cert. denied, 118 S. Ct. 1851 (1998). By adopting the PSR, the district court held Marquez accountable only for the amount of marijuana attributable to Marquez that was both reasonably foreseeable and was within the scope of the criminal activity as agreed by Marquez. United States v. Carreon, 11 F.3d 1225, 1230 (5th Cir. 1994). Finally, as there is nothing in the record to suggest that the district court erroneously believed that it was without authority to depart, we lack jurisdiction to review the district court's determination that the departure was not warranted on the facts of the case. United States v. Carmouche, 138 F.3d 1014, 1018 (5th Cir. 1998).

AFFIRMED.